## DeLong v. Mulcher.

1. **Adverse Possession**: COLOR OF TITLE. Possession of real estate which is open, notorious and hostile, under color of title and claim of right for more than twenty years, renders the possessor the absolute owner thereof.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 13.

This is an action for the partition of real estate. The plaintiff claims to be the owner in fee simple of an undivided one-half of a lot in the city of Dubuque; and that the defendant is

the owner of the other undivided one-half. He claims title by a joint conveyance from A. Levi to plaintiff and James De-Long, and avers that the defendant's title is derived from William DeLong, who was the sole heir at law of said James DeLong, deceased; that said James DeLong was never married, and died intestate January 18, 1863, and that William DeLong, his father, died in 1864.

The defendant denies plaintiff's ownership, and claims that he is the owner in fee of all of said lot. It is averred in the answer that on the 22d day of May, 1848, William DeLong, the father of plaintiff, purchased said premises from one Levi, and took a conveyance thereof to his two minor children, James DeLong and Isum DeLong, the plaintiff herein; that in 1850 said William DeLong was in full possession of said lot, claiming the whole of it as his own, and whilst so in possession he and his wife, claiming the right to sell and convey the same, sold and by deed of general warranty conveyed said premises to one Samuel Sitton, for a full and valuable consideration to them paid by said Sitton, who at the time of said purchase and payment had no actual notice of the claims of said James and Isum DeLong to said premises; that said William DeLong surrendered said lot to Sitton, who took immediate possession, claiming absolute ownership of the whole thereof against all persons whomsoever; that Sitton afterward conveyed said lot by deed of general warranty, and by means of several successive conveyances, down to the defendant; that the defendant is now the absolute owner in fee of all said lot; that ever since the conveyance from William DeLong to said Sitton this defendant and those under whom he claims, during the times they severally owned said premises, were and have been in the actual, open and notorious occupation of the whole of said lot, under color of title and claim of right, in opposition to the claims and rights of plaintiff.

There was a demurrer to the answer, which was overruled. Plaintiff appeals.

*S. P. Adams*, for appellant.

*Ed. McCeney*, for appellee.

DeLong v. Mulcher.

ROTHROCK, J. Under the averments of the answer, which must be taken as true, the defendant and those under whom 1. ADVERSE possession: color of title. he claims have been in the actual, open, notorious, hostile and adverse occupancy of the premises in controversy, under color of title and claim of right, for some twenty-seven years.

It is conceded that William DeLong did not have the legal title when he conveyed to Sitton. Plaintiff claims that when James DeLong, who held the title to an undivided half of the lot, died intestate, leaving his father, William, his sole heir at law, the deed to the latter "became effective to pass the interest of James, under the provisions of Sec. 2210 of the Revision of 1860, then in force, and whereby said appellee, or his grantors, became the absolute owners of the other half, common and undivided, of said lot. The parties were thus tenants in common. This was two years before plaintiff obtained his majority."

We think a conclusive answer to this position is that the defendant does not claim title because the deed of William DeLong became effective to pass the interest of his son, James DeLong. He bases his title upon adverse possession under color of title, commencing in 1850, and cannot be compelled to abandon it for the title to one-half, which has since been cast upon him by operation of law. He can elect whether he will hold by his original claim of title, or by that since acquired. *Osterhout v. Shoemaker*, 3 Hill, 513; *Northrop v. Wright*, 7 Id., 476; *Jackson v. Newton*, 18 John., 355; *Jackson v. Smith*, 13 Id., 406.

AFFIRMED.